Duncan v Capital Region Landfills, Inc. (2021 NY Slip Op 05757)





Duncan v Capital Region Landfills, Inc.


2021 NY Slip Op 05757


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

531616
[*1]Jennifer Duncan, on Behalf of Herself and All Others Similarly Situated, Respondent,
v
Capital Region Landfills, Inc., Appellant.

Calendar Date:September 9, 2021

Before:Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Beveridge & Diamond, PC, New York City (Michael G. Murphy of counsel), for appellant.
Michaels & Smolak, PC, Auburn (Nicholas Coulson of Liddle & Dubin, PC, Detroit, Michigan, of counsel, admitted pro hac vice), for respondents.
Hunton Andrews Kurth LLP, New York City (Elbert Lin of Hunton Andrews Kurth LLP, Richmond, Virginia, of counsel, admitted pro hac vice), for Chamber of Commerce of the United States of America, amicus curiae.
Michael C. Maggiulli, Town Attorney, Latham (John A. Spath of counsel), for Town of Colonie, amicus curiae.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains (Robert A. Spolzino of counsel), for National Waste & Recycling Association, amicus curiae.



Lynch, J.P.
Appeal from that part of an order of the Supreme Court (McDonough, J.), entered June 16, 2020 in Albany County, which denied defendant's motion to dismiss the public nuisance and negligence causes of action and the class allegations in the amended complaint.
Defendant operates the Colonie Landfill located near the banks of the Mohawk River in Albany County, which is owned by the Town of Colonie (see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 187 AD3d 1437, 1438 [2020]). Plaintiff — a resident of the City of Waterford, Saratoga County — commenced this action on behalf of herself and a proposed class of all "owners[,] occupants and renters of residential property" within two miles of the landfill, asserting claims for public nuisance and negligence. The amended complaint alleged that the landfill was emitting noxious odors that were "substantially interfer[ing] with rights common to the general public, including the right to uncontaminated and/or unpolluted air." It further alleged that plaintiff and the putative class members had suffered "special injur[ies] as compared with the impacts of the community at large" insofar as the odors were substantially interfering with the "use and enjoyment of [their] propert[ies]" and had resulted in a diminution in their property values. The negligence claim was premised upon the same allegations and relied upon the same asserted injuries. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7),[FN1] arguing, as relevant here, that plaintiff's allegations did not state legally cognizable claims under New York law. Supreme Court, among other things, denied so much of defendant's motion as sought dismissal of the public nuisance and negligence claims, finding that plaintiff stated legally viable causes of action. Defendant appeals.
The parties acknowledge that the legal issues presented here are identical to the issues presented in Davies v S.A. Dunn & Co., LLC (___ AD3d ___ [decided herewith]). For the reasons articulated therein, we conclude that plaintiff has not stated legally cognizable claims for public nuisance or negligence and, accordingly, they must be dismissed.
Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
Aarons, J. (dissenting).
For reasons stated in my dissent in Davies v S.A. Dunn & Co., LLC (___ AD3d ___ [Aarons, J., dissenting] [decided herewith]), I would affirm.
ORDERED that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion to dismiss; motion granted in its entirety; and, as so modified, affirmed.



Footnotes

Footnote 1: Defendant made its motion prior to the filing of the amended complaint, but thereafter supplemented the motion and directed it to the amended complaint.